IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUBRICANTES VENOCO INTERNACIONAL, C.A.<br><br>Plaintiff<br><br>PEREZ & CIA. DE PUERTO RICO, INC.; FREDDY SANTANA, et al.<br><br>Plaintiff-Intervenors<br><br>vs.<br><br>M/V RIO NEVERI, her engines, furniture, apparel, etc., *in rem*, Lima-Sol Shipowners, Shipco Marine Management, and Coralita Shipping Co. Ltd., *in personam*.<br><br>Defendants | CIVIL NO.: 98-1765 (JAF)<br><br>IN ADMIRALTY<br>RULE C |

### AMENDED ORDER FOR INTERLOCUTORY SALE

Upon Motion by Lubricantes Venoco Internacional C.A., and unopposed by the other Plaintiffs-Intervenors, for the Interlocutory Sale of the defendant vessel the M/V RIO NEVERI, together with its tackle, apparel, engines, furniture, machinery, appurtanences, equipment, etc. (hereinafter "the M/V RIO NEVERI") and for good reason being shown therefor, it is now **ORDERED**;

1. Pursuant to Supplemental Rule E(9)(b) and Local Rule 603.4, the United States Marshal for the District of Puerto Rico is hereby authorized to sell the M/V RIO NEVERI, together with its tackle, apparel, engines, furniture, machinery, appurtanences, equipment, etc. at public auction to take place the U.S. Marshal's office,

ORDER
Page 2.

Federico Degetau Federal Building, Room 200, 150 Carlos Chardon Avenue, Hato Rey, P.R., to the highest bidder free and clear of all liens and pre-existing claims in the defendant vessel.

2. It is further **ORDERED**, that the notice of the sale of the M/V RIO NEVERI shall be made by advertisement in a daily newspaper of general circulation in Puerto Rico, at least twice, the first publication, to be made at least seven (7) days prior to the date of the sale and the second publication to be made at least three (3) days prior to the date of the sale as set forth in Local Rule 603. The minimum sale price shall be FIFTY THOUSAND DOLLARS ($50,000.00).

3. It is further **ORDERED**, that A.L. Burbank (Shipbrokers) Ltd., perform an appraisal of the vessel and assist in the advertising and/or sale of the vessel, and that the costs of such services, in an amount not to exceed EIGHT THOUSAND DOLLARS ($8,000.00), be deemed an administrative expense.

4. It is further **ORDERED**, that the U.S. Marshal be authorized to accept a deposit of ten percent (10%) of the amount bid for the said vessel, upon condition that the balance of the bid is paid on the date that the sale is confirmed, and upon condition that the deposit shall be forfeited by the bidder and applied to the cost of this action, if the balance of the bid is not paid when

ORDER
Page 3.

due. If the sale should not be confirmed, the U.S. Marshal shall return the deposit to the highest bidder immediately after rejection of the bid by the Court.

5. It is further **ORDERED**, that the U.S. Marshal is authorized to receive necessary advances to advertise and carry out the sale while the vessel is in the custody of the Court.

6. It is further **ORDERED**, that the U.S. Marshal shall bring the proceeds of such sale into the registry of the Court and deposit the same with the Clerk pending final disposition of all *in rem* claims and actions filed.

7. It is further **ORDERED**, that subject to final confirmation of the sale, the following debts/charges shall be paid in the following order: a) unpaid charges taxed by the U.S. Marshal, including charges for the sale, including insurance premiums for the United States Marshals Service Policy of Insurance Legal Liability Port Risk Hull & Machinery Including P & I and Cargo Owed for the period from May 1999 until the release of the vessel. If for some reason the vessel is not sold, then the plaintiffs and intervenors are responsible for those premiums referred to above; (b) the amount of ONE HUNDRED THIRTY THOUSAND DOLLARS ($130,000.00) to be paid to the salvor of the vessel Dimitris Kalogerakis for his service in connection with the refloatation of the

vessel, and the expenses incurred by the substitute custodian during the re-flotation efforts and securing the vessel for the hurricane season, subject to this court's approval; (c) an amount of EIGHT THOUSAND DOLLARS ($8,000.00) to be paid to A.L. Burbank (Shipbrokers) Ltd., for their services in connection with the advertising and sale of the vessel; (d) payments/charges paid by the arresting party or intervenors for the arrest of the vessel, including but not limited to, fees paid the U.S. Marshal, and funds actually paid to the substitute custodian; (e) the custodian of record or other person entitled to reimbursement of his fees, dockage, insurance, security, and like charges shall make claim for payment against the proceeds by petition filed no later than ten (10) days after confirmation of the sale. All remaining proceeds of the sale of the M/V RIO NEVERI shall be deposited in the registry of the court and placed in an interest-bearing account pending further disposition in Civil Action No. 98-1765 (JAF).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of December, 1999.

U.S. DISTRICT JUDGE