IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUBRICANTES VENOCO INTERNATIONAL, C.A., | * |
| Plaintiff, | * |
| v. | CIVIL NO. 98-1765 (JAF) |
| M/V RIO NEVERI, her engines, furniture, apparel, etc., in rem; et al. | * In Admiralty |
| Defendants. | * |
| FREDDY SANTANA, et al., | * |
| Intervening Plaintiff, | * |
| PEREZ Y CIA. DE PUERTO RICO, INC., | * |
| Intervening Plaintiff, | * |
| TRANSCARIBBEAN MARITIME CORP., | * |
| Intervening Plaintiff, and, | * |
| UNITED STATES OF AMERICA, | * |
| Intervenor. | * |

RECEIVED & FILED
00 JAN 31 AM 11:08
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

**ORDER FOR CONFIRMATION OF INTERLOCUTORY SALE**

WHEREAS, the United States Marshal arrested the defendant *in rem*, M/V RIO NEVERI, on July 9, 1998; and,

WHEREAS, on December 28, 1999, this Court ordered a third interlocutory U.S. Marshals sale of the said defendant vessel RIO NEVERI, with a minimum sale price of $50,000; and,

WHEREAS, pursuant to the terms of said Order, notice of the

sale was published in The San Juan Star on January 4, 2000, at page 16, and on January 5, 2000, at page 14; and,

WHEREAS, the sale of defendant vessel RIO NEVERI was duly and regularly conducted by the U.S. Marshals Service on January 13, 1999, at the U.S. Marshals Office as provided in said Order and as advertised in said notice; and,

WHEREAS, the highest bid for the defendant vessel RIO NEVERI was made by Mr. Osman Mustafa in the amount of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000), an amount in excess of the minimum bid price fixed in the said Order, and in compliance with said Order, the highest bidder tendered three checks totaling $15,000 as the required 10% deposit; and,

WHEREAS, the highest bid received of $150,000 offered by Mr. Osman Mustafa is a fair and reasonable price for the defendant vessel RIO NEVERI, taking into consideration her present condition and history since she was arrested in July of 1998; and,

WHEREAS, as a result of the successful auction, the amount of $40.00 is due to the U.S. Marshal to cover expenses incurred by reason of the auction, in addition to a fee of $2,265.00; and,

WHEREAS, in addition to the said expenses and fees, the U.S. Marshals Service is entitled to receive from the sale proceeds the premiums for the insurance policy covering the

substitute custodian which may still remain outstanding, subject to a prior verification by this Court; and,

WHEREAS, the second and third priority *custodia legis* expenses, $130,000 for Dimitrious Kalogerakis and $8,000 to A.L. Burbank (Shipbrokers) Ltd., should be paid from the proceeds of the sale.

**NOW**, upon motion of intervening plaintiff, Pérez y Cía. de Puerto Rico, Inc.,

**IT IS HEREBY ORDERED**, that, pursuant to **Supplemental Rule E(9)(b), Federal Rules of Civil Procedure,** the United States Marshal for the judicial district of Puerto Rico be, and hereby is, authorized and directed to sell forthwith the M/V RIO NEVERI to Mr. Osman Mustafa for the bid price of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00); and it is further,

**ORDERED**, that the U.S. Marshals Service shall receive forthwith from the successful bidder, the balance of $135,000.00 of the bid price, and turn in the total sale proceeds forthwith into the Registry of the Court, and thereafter the U.S. Marshals Service shall issue a bill of sale, "as is, where is", with at least three (3) copies, conveying title of the M/V RIO NEVERI her engines, furniture, apparel, etc., to Mr. Osman Mustafa, free and clear of any and all liens and encumbrances; and it is further,

**ORDERED**, that the U.S. Marshals Service shall receive its expenses and fees in the total amount of $2,305.00, to be paid by the Clerk of the Court from the proceeds of the sale; and it is further,

**ORDERED**, that the second and third priority *custodia legis* expenses of One Hundred Thirty Thousand Dollars ($130,000.00), to Dimitrious Kalogerakis, and Eight Thousand Dollars ($8,000.00), to A.L. Burbank (Shipbrokers) Ltd., shall receive their fees, to be paid to said creditors by the Clerk of the Court from the proceeds of the sale; and it is further,

**ORDERED**, that the U.S. Marshals Service shall file a separate motion for taxation of the outstanding insurance premiums as administrative costs as provided by **Local Admiralty Rule E(12)(b)**, and submit for review and approval all of the invoices and statements for the insurance premiums so that this Court can determine the total amount owed for such *custodia legis* expense, and any outstanding amount as determined by the Court shall be paid to the U.S. Marshals Service by the Clerk of the Court from the proceeds of the sale, and if the sale proceeds are insufficient, then the creditor plaintiffs shall pay, jointly and severally, the shortfall. The U.S. Marshals Service will have a period of thirty (30) days from the date this Order is entered to submit the above-described documents to this Court for review and approval; and it is finally,

**ORDERED,** that any person who furnished supplies or services to the defendant vessel RIO NEVERI while the said vessel was in the custody of this Court shall file a separate motion containing an invoice in the form of a verified claim for payment as *custodia legis* expenses as provided by **Local Admiralty Rule E(12)(d)**, and those persons, including any of the parties, will have a period of thirty (30) days from the date this Order is entered to submit the above-described documents to this Court for review and approval.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27 day of January of 2000.

JOSE ANTONIO FUSTE
U.S. DISTRICT JUDGE